UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALFRED JOHN SUFKA,<br><br>      Plaintiff,<br><br>v.<br><br>THE STATE OF MINNESOTA,<br>DEPARTMENT OF CORRECTIONS,<br>DR. HENRY LEE, MICHAEL<br>HAMMERDING, NANETTE SCHROEDER,<br>MAUREEN CONNER, JOAN FABIAN,<br>JUDGE ALLICE, JUDGE DANFORTH,<br>BENTON COUNTY SOCIAL SERVICES,<br>BENTON COUNTY SHERIFF<br>DEPARTMENT, and DARREN,<br><br>      Defendants. | Civil File No. 07-2528 (RHK/SRN)<br><br>REPORT AND RECOMMENDATION |

Plaintiff, a prisoner at the Minnesota Correctional Facility at Rush City, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Filed Pursuant To 42 U.S.C. 1983." (Docket No. 1.) The complaint was filed in the United States District Court for the Middle District of Tennessee, but the case was later transferred to this District, because all of the Defendants apparently are located in Minnesota, and Plaintiff's claims apparently are based on events that allegedly occurred in Minnesota. (See Transfer Order; [Docket No. 4].)

Plaintiff did not pay the $350.00 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP"). Before the case was transferred to this District, the Tennessee District Court determined that Plaintiff should be allowed to proceed IFP, even though he had not yet paid

the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).  (Id., citing 28 U.S.C. § 1915(b)(4).)  However, the Tennessee Court further ruled that Plaintiff would be required to pay the full $350.00 filing fee for this case in installments, as contemplated by 28 U.S.C. §§ 1915(b)(1) and (2).

The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

**I.  BACKGROUND**

Plaintiff is attempting to bring two separate claims in this action.  His first claim pertains to the 1996 Minnesota state criminal case that resulted in his current imprisonment.  Plaintiff alleges that during the course of that case, he was deprived of the opportunity to present evidence that would have exonerated him.

Plaintiff also claims that he was denied medical care when he was injured, (presumably while in prison), in April or May of 2000.  Plaintiff's complaint provides no information about the nature of his alleged injury, or what type of medical care he believes he should have received.  Nor does the complaint identify any of the individuals who allegedly deprived him of medical care.

The complaint lists twelve Defendants who allegedly "all work for the State of Minnesota." However, there are no allegations describing any specific acts or omissions by any of those Defendants.  The complaint also does not describe what (if any) relief Plaintiff is seeking in this case; it merely says "whatever the Courts decide."

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue government entities and employees, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against government entities or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the plaintiff's complaint fails to state a cause of action on which relief can be granted, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state a cause of action on which relief can be granted, a complaint must allege a set of historical facts which, if proven true, would entitle the plaintiff to some legal redress against the named defendants, based on some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff purportedly is attempting to do here, a complaint must allege facts which, if proven true,

would show that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights.  Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999).  See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same).  In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

In this case, Plaintiff's complaint fails to state an actionable civil rights claim because it does not identify any violation of Plaintiff's rights under the federal Constitution.  In fact, the complaint does not mention, or even allude to, the Constitution.  Furthermore, the complaint does not describe any specific acts or omissions by any of the Defendants.  In other words, the complaint does not describe anything that any of the named Defendants allegedly did, or failed to do, that might arguably be viewed as a violation of Plaintiff's constitutional rights.  Plaintiff apparently believes that one or more of the Defendants did something wrong during the course of his state criminal case, and during his subsequent imprisonment, but his complaint does not allege any facts describing anything that any particular Defendant actually did or failed to do.

The Court also notes that Plaintiff's claim pertaining to his state criminal prosecution, (i.e., that he allegedly was not allowed to present evidence that would have exonerated him), is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Court reaffirmed that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action.  Habeas corpus is the exclusive federal remedy for a prisoner who is challenging

the validity of his conviction or sentence. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).

Even when a prisoner-plaintiff is not directly challenging the fact or duration of his incarceration, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

In this case, Plaintiff alleges that he was wrongly deprived of the opportunity to present certain exculpatory evidence during his state criminal case, and, as a result, he was wrongly convicted of the crime for which he is now incarcerated. A judgment in Plaintiff's favor on this claim would necessarily cast doubt on the validity of his conviction and his current confinement. Therefore, Plaintiff's initial claim is clearly barred by Heck.

The Court further notes that Plaintiff's second claim, pertaining to an alleged lack of medical care, apparently accrued in April or May of 2000, and is therefore barred by the six-year statute of limitations that applies to § 1983 cases brought in Minnesota. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 618, n. 3 (8th Cir. 1995) (confirming that § 1983 claims brought in Minnesota are subject to the six-year statute of limitations set forth at Minn.Stat. § 541.05).

## III. CONCLUSION

For all of the reasons discussed above, the Court concludes that Plaintiff has failed to plead a cause of action on which relief can be granted, and that this action must therefore be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee for this case.[1] To date, he has not paid any part of the filing fee, so he still owes the full $350.00. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

---

[1] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee upon the filing of an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

2. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

3. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."


Dated: October 24, 2007

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 8, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.